# IN THE DISTRICT COURT OF THE UNITED STATES

## For the Western District of New York

---

| | |
|---|---|
| **THE UNITED STATES OF AMERICA** | OCTOBER 2004 GRAND JURY<br>(Empaneled 10/21/04) |
| -vs- | 06-CR-6042L |
| **JOSE D. DE LA ROSA,**<br>    a/k/a "Carlos A. Gomez-Pirela,"<br>    a/k/a "El Negro,"<br>    a/k/a "Yiyo,"<br>**GABRIEL CASTILLO-MARTINEZ,**<br>    a/k/a "Green Eyes,"<br>                                and<br>**ROBERTO OLIVO-ESTRELLA,** | Violation:<br>Title 21, United<br>States Code, Sections<br>846 and 853 |
| **Defendants.** | |

REDACTED   REDACTED
## SUPERSEDING INDICTMENT
REDACTED   REDACTED

### COUNT ONE

### The Grand Jury Charges That:

Between in or about June 2002 and in or about December 2004, in the Western District of New York and elsewhere, the defendants, **JOSE D. DE LA ROSA, a/k/a "Carlos A. Gomez-Pirela," a/k/a "El**

Negro," a/k/a "Yiyo," **GABRIEL CASTILLO-MARTINEZ**, a/k/a "**Green Eyes,**" and **ROBERTO OLIVO-ESTRELLA**, did knowingly, willfully and unlawfully conspire, combine, confederate and agree together and with others, known and unknown, to commit offenses against the United States, that is, to possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

**All in violation of Title 21, United States Code, Section 846.**

## FORFEITURE ALLEGATION

As a result of conviction of Count One of this Indictment, the allegations of which are incorporated herein by reference, the defendants, **JOSE D. DE LA ROSA**, a/k/a "**Carlos A. Gomez-Pirela,**" a/k/a "**El Negro,**" a/k/a "**Yiyo,**" **GABRIEL CASTILLO-MARTINEZ**, a/k/a "**Green Eyes,**" and **ROBERTO OLIVO-ESTRELLA** shall forfeit to the United States of America (1) any property used and intended to be used, in any manner and part, to commit, and to facilitate the commission of, such offense, and (2) any and all property, and interest therein, constituting and/or derived from any proceeds obtained, directly or indirectly, as a result of the

2

offense described in Count One of this Indictment, including, but not limited to, the following:

**MONETARY SUM:**

1. The sum of one million dollars ($1,000,000) United States Currency, which amount represents the proceeds the defendants obtained, directly or indirectly, as a result of the offense described in Count One of this Indictment.

**SUBSTITUTE ASSETS**

If any of the property described in item 1 of this forfeiture allegation, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

It is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

**All pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2) and 853(p).**

DATED: Rochester, New York, June 20, 2006.

                TERRANCE P. FLYNN
                United States Attorney

    By: _____
                FRANK H. SHERMAN
                Assistant United States Attorney
                United States Attorney's Office
                Western District of New York
                100 State Street, Room 620
                Rochester, New York  14614
                (585) 263-6760, ext. 2234
                [Frank.Sherman@usdoj.gov]

A TRUE BILL:

Redacted indictment, original foreperson signature on original indictment.

_____
FOREPERSON