1

```
 1                     UNITED STATES DISTRICT COURT

 2                     WESTERN DISTRICT OF NEW YORK

 3

 4

 5  - - - - - - - - - - - - - - - X
    UNITED STATES OF AMERICA    )    06-CR-6042(L)
 6                              )
    vs.                         )
 7                              )    Rochester, New York
    JOSE DE LA ROSA,            )    November 7, 2011
 8            Defendant.        )    3:00 p.m.
    - - - - - - - - - - - - - - - X
 9

10
                        TRANSCRIPT OF PROCEEDINGS
11           BEFORE THE HONORABLE DAVID G. LARIMER
                    UNITED STATES DISTRICT JUDGE
12

13

14                      WILLIAM J. HOCHUL, JR., ESQ.
                        United States Attorney
15                      BY: FRANK H. SHERMAN, ESQ.
                        Assistant United States Attorney
16                      6200 Federal Building
                        Rochester, New York 14614
17

18                      M. KIRK OKAY, ESQ.
                        The Okay Law Firm
19                      P.O. Box 622
                        Batavia, New York 14020
20                      Appearing on behalf of the Defendant

21
    ALSO PRESENT:       Besayda Soto, Interpreter
22                      Kerry Chartier, U.S. Probation

23
    COURT REPORTER:     Christi A. Macri, FAPR, RMR, CRR, CRI
24                      Kenneth B. Keating Federal Building
                        100 State Street
25                      Rochester, New York 14614-0222
```

|           |    |                                                                |
|-----------|----|----------------------------------------------------------------|
|           | 1  | P R O C E E D I N G S                                          |
|           | 2  | *        *        *                                            |
|           | 3  | (WHEREUPON, the defendant is present).                         |
|           | 4  | THE COURT: Hello.                                              |
| 03:12PM   | 5  | MR. OKAY: Good afternoon.                                      |
|           | 6  | THE COURT: Are we ready to proceed?                            |
|           | 7  | MR. SHERMAN: Yes, Your Honor.                                  |
|           | 8  | MR. OKAY: Yes, Your Honor.                                     |
|           | 9  | THE COURT: All right.  This is Mr. De La Rosa?                 |
| 03:12PM   | 10 | THE DEFENDANT: Yes, sir.                                       |
|           | 11 | THE COURT: All right.  We'll swear in our interpreter.         |
|           | 12 | (WHEREUPON, the interpreter was sworn).                        |
|           | 13 | THE COURT: Good afternoon to you.  All right, we are           |
|           | 14 | ready for sentencing then, I take it?                          |
| 03:13PM   | 15 | MR. SHERMAN: Yes.                                              |
|           | 16 | MR. OKAY: Yes, Your Honor.                                     |
|           | 17 | THE COURT: The defendant is here having pleaded to             |
|           | 18 | Count 1 of the indictment, a superseding indictment, charging him |
|           | 19 | with conspiracy to possess with intent to distribute and to    |
| 03:13PM   | 20 | distribute cocaine.                                            |
|           | 21 | By statute that subjects Mr. De La Rosa to a term of 10        |
|           | 22 | years to life.  The plea was entered over three years ago pursuant |
|           | 23 | to a plea agreement.  That agreement also provided that there  |
|           | 24 | would be a judgment and forfeiture entered in the sum of       |
| 03:13PM   | 25 | $1 million.                                                    |

03:14PM

           The facts as set forth in the plea agreement and in the presentence report establish that Mr. De La Rosa conspired with several people, Jose Castillo-Martinez, Frank DeJesus, and others to receive shipments of cocaine downstate in New York and in New Jersey. And the proof indicated that Mr. De La Rosa received such shipments in October of 2002; received 10 to 20 kilograms from Jose Castillo-Martinez.

           There was further evidence relative to the defendant's agreement to distribute significant quantities of cocaine. As part of this agreement, Jose Castillo-Martinez was once in Mexico, was kidnapped and detained there for a substantial period of time because payments for the delivered drugs had not been made.

           This only summarizes some of the matters and activities involving Mr. De La Rosa.

           The Court ordered a presentence report. A full report was prepared, and it determined that Mr. De La Rosa, with a criminal history category of I, his net offense level of 36, provided for a range of 108 to 235 months.

           MR. SHERMAN: 188, Your Honor.

           THE COURT: What did I say?

           MR. SHERMAN: I think you said 108.

           THE COURT: Oh, 188 to 235. That range is the same range as the parties anticipated it would be in the plea agreement.

           The Court has received filings. First of all, I have the Government's motion with respect to sentencing factors and the

```
           1  Government's motion under 5K1 of the guidelines for a reduced
           2  sentence based on Mr. De La Rosa's cooperation.  The motion is
           3  made under 5K1.1, and at this stage not made under the provisions
           4  of the statute, Section 3553(e).
03:17PM    5          I also, Mr. Okay, have your statement with respect to
           6  sentencing factors filed last Thursday, I believe, indicating that
           7  you have reviewed the report and you have no objections to the
           8  matters in the presentence report.  And I also have your
           9  sentencing memorandum which appears to have been filed yesterday
03:17PM   10  electronically.
          11          In addition to the Government's motion, which I
          12  referenced, Mr. Sherman has supplied the Court with a letter dated
          13  November 3rd outlining in a bit more detail Mr. De La Rosa's
          14  activities and cooperation, which in the Government's view
03:18PM   15  justifies its reduction to the level that it recommended.
          16          So I think, counsel, those are the matters that the
          17  Court has received on this case.  I will confirm, I guess again,
          18  Mr. Okay, based on your submission that you have received the
          19  presentence report, and I take it by your filing neither you nor
03:18PM   20  your client have any objections to matters of the report?
          21          MR. OKAY:  No, that's correct.
          22          THE COURT:  All right.  And that means that your client
          23  has also reviewed them and has no objection?
          24          MR. OKAY:  Yes, that's correct.
03:18PM   25          THE COURT:  All right.  Is that true, Mr. De La Rosa?
```

1   THE DEFENDANT: Yes, sir.

2   THE COURT: Thank you.  I find that there being no
3 objections, that the Probation Department clearly and accurately
4 did describe the guidelines, and those guideline ranges are 188 to
5 235 months which, of course, would be more than 15 years to a
6 little less than 20 years under the guidelines.

7   The Court must consider the guidelines, but is not bound
8 by them.  But in this case, the Government has a specific
9 recommendation based on cooperation.  I see no reason not to give
10 Mr. De La Rosa the benefit of cooperation.

11   I guess before I pronounce sentence, Mr. Okay, I would
12 give you and your client a chance to speak to the matters.  I
13 guess I would say, Mr. Okay, that I'm a bit perplexed by your
14 sentencing memorandum, which in several pages summarizes the law
15 in terms of Section 3553(a), but repeatedly asks the Court to
16 impose a sentence at the low end of the guidelines.

17   MR. OKAY: Yes.

18   THE COURT: Which, of course, is about 6 years more than
19 the Government's asking, so --

20   MR. OKAY: Your Honor, I can explain that.  I was
21 explaining that to Kerry before the Court came out.  I don't like
22 to put in the sentencing memorandum anymore about the 5K unless --
23 because I don't file it under seal and I don't want that to be
24 looked up by, you know, other people who might be following this
25 case, so --

```
         1            THE COURT: The Government filed its motion publically.
         2            MR. OKAY: I think it was filed under seal.
         3            THE COURT: Not their motion -- not the motion.  The
         4   letter is not public, but the motion which sets forth their
03:20PM  5   request for departure is public.
         6            MR. OKAY: That is the reason why we didn't mention the
         7   5K, but, of course, we are asking the Court -- if the Court is
         8   inclined to grant the 5K, we would ask that the Court sentence to
         9   that -- to the low end of that level 32 and the criminal history
03:21PM 10   category of I.
        11            THE COURT: Well, your memo would have been helpful if it
        12   had simply said that to sentence according to the Government's
        13   request.  I was confused, but I guess I'm less confused now.
        14            And I will provide you, sir, and your client a chance to
03:21PM 15   speak to the matter further if you would like.  Anything further
        16   you'd like to say?
        17            MR. OKAY: Your Honor, I would just -- if the Court is
        18   inclined to grant the application, I would ask that the Court
        19   sentence to the 121 months.  I would note that Mr. De La Rosa
03:21PM 20   currently has about 65 months in incarceration; that's more than
        21   5 years.
        22            And the application of the Government contemplates a
        23   possible Rule 35 within a year of today's date or -- either by
        24   application or by placeholder application.  So that's certainly
03:22PM 25   something that we would be looking forward to as well to bring us
```

```
 1  down even lower.  Other than that, we are prepared for sentence.
 2              THE COURT: All right, thank you.
 3              I am aware that Mr. De La Rosa does have over 5 years
 4  in, since this matter has been pending, in an institution where
 5  there aren't many programs or benefits.  I recognize essentially
 6  in a maximum security facility.  So I'm aware of that,
 7  Mr. De La Rosa.
 8              You have the right to speak to me, the sentencing judge.
 9  I'm going to grant the Government's motion for leniency, but if
10  there's anything else you'd like to say, I would be happy to hear
11  it now.  You don't have to make any statement.
12              THE DEFENDANT: No.  Just thank you very much, sir.
13              THE COURT: Thank you.  Anything from the Government?
14              MR. SHERMAN: Your Honor, only to confirm what Mr. Okay
15  said, which is we do anticipate filing a Rule 35 for
16  Mr. De La Rosa once the pending matters have been concluded.
17              THE COURT: Okay.  There is an INS detainer I understand,
18  so I assume the Government's decision relative to that would take
19  place before Mr. De La Rosa faces the immigration process and is
20  deported?
21              MR. SHERMAN: Yes.
22              THE COURT: All right.  All right, the Court has reviewed
23  the Government's motion and the other matters here and am prepared
24  to grant the Government's motion for a downward departure under
25  5K1.1 of the sentencing guidelines.
```

1          I find that the cooperation of Mr. De La Rosa was
2  substantial and significant and warrants a reduction from the
3  guideline range, which is 188 to 235 months, and I will sentence
4  the defendant to the lowest level available, which is the
03:24PM  5  statutory minimum of 120 months.
6          And I will sentence the defendant, Jose De La Rosa to
7  the custody of the Bureau of Prisons for a term of 120 months.
8          You will, of course, sir, get credit by the Bureau of
9  Prisons for all the time you've been in jail awaiting this
03:24PM 10  sentence.
11          I will place you on supervised release for a period of
12  5 years.  If, in fact, you are deported, that release will not be
13  directly supervised, but, nonetheless, there are conditions of
14  that release.
03:25PM 15          First and most important is that you not commit any new
16  crime while on that release.  And that includes a requirement that
17  if you are deported, that you not return to this country without
18  having legal authority to do so and without having obtained the
19  consent of the Attorney General or his designate to return to this
03:25PM 20  country.
21          If you are not deported, you're to submit to random drug
22  testing.  And in addition, you are to cooperate in the collection
23  of a DNA sample, if requested to do so.
24          I will direct that upon the completion of your sentence
03:25PM 25  to this Court, you be turned over pursuant to the detainer to

```
                1   Immigration officials under Section 3583(d) of Title 18 for
                2   deportation proceedings.
                3           The Court will impose a fine in this case of $500, which
                4   is well below the guideline range.  I direct that monies toward
03:26PM         5   that fine be taken out of Mr. De La Rosa's account while
                6   incarcerated according to the Bureau of Prisons Inmate
                7   Responsibility Program.  And thereafter should he remain in this
                8   country, at the rate of 10% of any monies he earns while in this
                9   country.
03:26PM        10           The Court also imposes a $100 special assessment.
               11           That is the sentence of the Court.
               12           I don't know if there were other counts in the
               13   indictment against Mr. De La Rosa or not.
               14           MR. SHERMAN: No, Your Honor.  I would ask the Court to
03:27PM        15   have the judgment reflect the forfeiture, which the Court has
               16   previously ordered.
               17           THE COURT: Yes, the J & C should reflect the forfeiture
               18   agreement the sum of $1 million.  Make that a part of the J & C,
               19   which can be converted to judgment.
03:27PM        20           The plea agreement provided that Mr. De La Rosa would
               21   waive or give up the right to appeal this sentence if it was
               22   within the 188 to 235 month guideline, and this sentence -- based
               23   on the Government's application and this Court's sentence -- is
               24   below that.
03:27PM        25           So, Mr. Okay, there does not appear to be any ability to
```

                1  appeal this sentence, even if there were a desire to do so.
                2           I guess we've already spoken about possible Rule 35, and
                3  I guess we'll just see how that goes, leave that matter open.  The
                4  Government has to file that within a year of the entry of judgment
    03:27PM     5  in this case, which will probably occur in the next day or so.
                6           All right, I guess I forgot one thing.  Is there any
                7  request from the defendant as to where he be confined?  I think
                8  you said the northeast --
                9           MR. OKAY: Yes.
    03:28PM    10           THE DEFENDANT: North side, close to New Jersey or close
               11  to Connecticut because my family lives in Connecticut.
               12           MR. OKAY:  Connecticut, New Jersey, downstate.  I don't
               13  know if there's -- I mean, a specific facility.
               14           THE COURT: What if I said the metropolitan New York
    03:28PM    15  area?  Is that --
               16           MR. OKAY:  That would probably work, yes?
               17           THE DEFENDANT: Yes.
               18           MR. OKAY: Yes.
               19           THE COURT: All right.
    03:28PM    20           MR. OKAY: We would also ask the Court to consider the
               21  recommendation that he be allowed to participate in the Bureau of
               22  Prisons drug treatment program as well.  There is a basis in the
               23  PSR, we believe, to support that.  Even though he's been in for
               24  five years, I think part of the purpose of that program is to --
    03:29PM    25  it addresses issues of relapse and things like that.  So I think

```
 1  he would benefit from that not just because it can also take a
 2  year off his sentence.
 3              THE COURT: Well, the presentence report does indicate
 4  both alcohol and marijuana abuse, so I'll recommend that the
 5  defendant serve his sentence as close to Connecticut as possible.
 6              THE DEFENDANT: Yes.
 7              THE COURT: Your wife lives there?
 8              THE DEFENDANT: Yes, sir.
 9              THE COURT: Okay.  And I will recommend that, if
10  eligible, he be able to participate in the drug treatment program.
11              MR. OKAY: Thank you very much.
12              THE DEFENDANT: Thank you very much.
13              THE COURT: That is the sentence.
14              (WHEREUPON, the proceedings adjourned at 3:29 p.m.)
15                              *    *    *
16                        CERTIFICATE OF REPORTER
17
18      I certify that the foregoing is a correct transcript to the
19  best of my ability of the record of proceedings in the
20  above-entitled matter.
21
22  S/ Christi A. Macri
23  Christi A. Macri, FAPR-RMR-CRR-CRI
    Official Court Reporter
24
25
```